PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 1999 Chevrolet Blazer struck a hole on Beverlin Fork Road, designated as County Route 1, near Center Point, Doddridge County. County Route 1 is a road maintained by respondent. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred between 9:00 p.m. and 9:30 p.m. on February 22, 2008. County Route 1 is a one-lane, unpaved road. Claimant testified that she was proceeding before the bridge on County Route 1 at approximately fifteen miles per hour when her vehicle struck a hole in the road. The hole was approximately two feet wide in this area. Claimant stated that trucks used for drilling frequently travel on this road. As a result of this incident, claimant’s vehicle sustained damage to its frame. Claimant testified that the value of the vehicle was $500.00 before this incident.
Larry Williams, Assistant Superintendent for respondent in Doddridge County, testified that County Route 1 is a low priority road in terms of its maintenance. He stated that between fifty to sixty percent of the roads in Doddridge County are unpaved. Mr. Williams testified that unpaved secondary roads such as *106 County Route 1 are respondent’s lowest priority in terms of its maintenance. Although school buses travel on this road, Mr. Williams stated that respondent was unaware of any complaints regarding the condition of the road prior to this incident. In addition, few families live in this area.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645,46 S.E.2d81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court finds that respondent did not have actual or constructive notice of the condition on County Route 1. Since County Route 1 is a rural, low priority road in terms of its maintenance, the Court finds that respondent did not have the manpower available during the winter months to patch holes at this particular location. Thus, the Court finds that there is insufficient evidence of negligence upon which to base an award.
Claim disallowed.